UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JAMIL GULMANN SHIHAB, p/k/a
JAMIL GS, an individual,

                          Plaintiff,

                                                    21-cv-6425 (PKC)

            -against-
                                                    OPINION AND ORDER

COMPLEX MEDIA, INC., a Delaware
Corporation; and DOES 1-10,

                          Defendants.

-------------------------------------------------------------x

CASTEL, U.S.D.J.

            Plaintiff Jamil Gulmann Shihab is a photographer of hip-hop music and culture

professionally known as "JAMIL GS."  At issue in this case are five photographs created and

registered by Shihab—two photographs depicting two hip-hop artists known as "Raekwon" and

"Ghostface Killah" and three photographs depicting a hip-hop artist known as "Drake" (the

"Photographs").  Shihab brings claims against defendants Complex Media, Inc. ("Complex") and

Does 1-10[1] under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and

the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et seq. (the "DMCA"), relating to

Complex's alleged unauthorized copying of, and removal of copyright management information

("CMI") from the Photographs.  Complex now moves under Rule 12(b)(6), Fed. R. Civ. P., for

dismissal of Shihab's claims, or in the alternative, under Rule 12(d), Fed. R. Civ. P., for

---

[1] To date, no Doe defendant has been identified or served.  The time for service on a defendant has expired under
Rule 4(m), Fed. R. Civ. P.  Shihab is on notice that the Court will dismiss the Doe defendants at the expiration of 7
days from the issuance of this Opinion and Order.

summary judgment.  Complex also requests attorney's fees and costs under 17 U.S.C. § 505 should the Court dismiss the action.

For reasons to be explained, the Court will deny Complex's motion to dismiss as to Shihab's claims for copyright infringement, DMCA violation and an award of statutory damages, attorney's fees and costs for Complex's alleged DMCA violation.  The Court will grant Complex's motion to dismiss as to Shihab's claim for vicarious or contributory copyright infringement and an award of statutory damages, attorney's fees and costs for Complex's alleged copyright infringement.  The Court will deny Complex's Rule 12(d) motion and deny Complex's request for attorney's fees and costs.

BACKGROUND

The Court summarizes the First Amended Complaint's ("FAC") factual allegations, and, for the purposes of the motion, accepts them as true, drawing all reasonable factual inferences in favor of the plaintiff as the non-movant.  In re Hain Celestial Grp., Inc. Sec. Litig., 20 F.4th 131, 133 (2d Cir. 2021).

Shihab, a well-known photographer of hip-hop music and culture, has collaborated with numerous artists and brands and has been exhibited in prominent galleries and shows around the globe.  (FAC ¶ 8.)  Shihab created and owns all rights to the five Photographs at issue in this case, which he has registered with the United States Copyright Office as works of visual art under VA 2-222-997 and VA 2-224-439 (FAC ¶ 11.)  Complex is a digital music and culture news publication that derives revenues in large part from online advertising.  (FAC ¶ 10.) Shihab alleges that Complex accessed the Photographs via "an online search-and-copy campaign," and without Shihab's authorization or consent, removed Shihab's copyright information from the Photographs and publicly posted the Photographs on Complex's social

media pages—specifically on Instagram and Twitter (the "Accused Posts").  (FAC ¶¶ 12-14.)

The FAC does not allege exactly when the Accused Posts were published on social media, but

one of the Accused Posts on Twitter is dated June 19, 2019 (FAC ¶ 12), and Shihab admits that

the Accused Posts predate the October 8, 2020 registrations of his copyrights for the

Photographs.  (Shihab Br. at 7; Doc 26-2; Doc 26-3.)

The FAC juxtaposes the Photographs and the Accused Posts as follows, with the

Photographs on the left and corresponding Accused Posts on the right:



(FAC ¶ 12 (Photograph and Accused Post (via Instagram) depicting Ghostface Killah and

Raekwon).)



(FAC ¶ 12 (Photograph and Accused Post (via Twitter) depicting Raekwon and Ghostface Killah).)



(FAC ¶ 12 (Photograph and Accused Post (via Instagram) depicting Raekwon and Ghostface Killah).)



(FAC ¶ 12 (Photograph and Accused Post (via Twitter) depicting Drake).)



(FAC ¶ 12 (Photograph and Accused Post (via Twitter) depicting Drake).)



(FAC ¶ 12 (Photographs and Accused Posts (via Twitter) depicting Drake).)

Except for the two Twitter posts depicting Drake in golf wear, the Accused Posts contain links to either "@jamilgshere," the Instagram profile for Shihab, or "@jamilgs," the Twitter profile for Shihab.  The Accused Posts differ slightly from their respective Photographs in aspects such as color and cropping, and do not contain the "JAMIL GS ©" watermark present in the respective Photographs—from the bottom right corner for the two Photographs depicting

Raekwon and Ghostface Killah and from the center of the photographs for the three Photographs depicting Drake.  (FAC ¶¶ 12, 33-38.)[2]

RULE 12(B)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Legal conclusions are not entitled to the presumption of truth, and a court assessing the sufficiency of a complaint disregards them.  Iqbal, 556 U.S. at 678.  Instead, the Court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  A complaint must include non-conclusory factual allegations that "'nudge[]'" its claims "'across the line from conceivable to plausible.'"  Id. at 680 (quoting Twombly, 550 U.S. at 570).  In addition to a complaint's allegations, a court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

DISCUSSION

A.    Copyright Infringement

The Court concludes that Shihab has plausibly pleaded a claim for copyright infringement.

---

[2] The Court disagrees with Complex's assertion that the Photographs depicting Drake in the FAC do not include any watermarks identifying Shihab as the copyright holder of the Drake photographs.  (Complex Br. at 4 n.3.)  As they appear in the FAC, the Photographs depicting Drake have faint watermarks that read "JAMIL GS ©" across the center of the photographs.  (FAC ¶ 12.)

i.      Applicable Law

"In a copyright infringement case, the plaintiff must show: (i) ownership of a

valid copyright; and (ii) unauthorized copying of the copyrighted work."  Sohm v. Scholastic

Inc., 959 F.3d 39, 48 (2d Cir. 2020) (quotation marks omitted) (quoting Jorgensen v. Epic/Sony

Records, 351 F.3d 46, 51 (2d Cir. 2003)).  "The existence of a license to engage in the

challenged copying, however, is 'an affirmative defense to a claim of copyright infringement . . .

that the alleged infringer must plead and prove.'"  Id. (quoting Yamashita v. Scholastic Inc., 936

F.3d 98, 104 (2d Cir. 2019)).

Establishing a license defense "requires proof, at a minimum, 'of a meeting of the

minds between the licensor and licensee such that it is fair to infer that the licensor intended to

grant a nonexclusive license.'"  Barcroft Media, Ltd. v. Coed Media Group, LLC, 297 F. Supp.

3d 339, 349 (S.D.N.Y. 2017) (quoting Assoc. Press v. Meltwater U.S. Holdings, Inc., 931 F.

Supp. 2d 537, 562 (S.D.N.Y. 2013)).  In reviewing for implied licenses, "courts have found

implied licenses only in 'narrow' circumstances where one party 'created a work at the other's

request and handed it over, intending that the other copy and distribute it.'"  SmithKline

Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc., 211 F.3d 21, 25 (2d Cir.

2000) (brackets omitted) (quoting Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 558 (9th Cir.

1990)).

ii.      Application

Complex's principal defense is its claim that the use of the Photographs in the

Accused Posts was authorized.  Complex argues that it was authorized to create the Accused

Posts using the Photographs because Shihab "authorized anyone to copy the [Photographs] to

social media when he posted them on his public Instagram and Twitter feeds."  (Complex Br. at

8.)  In other words, Complex argues that it had an implied license to use the Photographs as they appeared in the Accused Posts.[3]  (Complex Br. at 8 (citing cases to argue that "explicit consent to use a copyrighted work is a license to use that work" and that "implied license is found where 'author creates a copyrighted work with knowledge and intent that the work would be used by another'").)

Viewing the FAC in a light most favorable to Shihab, the Court concludes that Complex has failed to establish, as a matter of law, the existence of an implied license.  The case at hand does not present a "narrow circumstance where one party created a work at the other's request and handed it over, intending that the other copy and distribute it."  SmithKline, 211 F.3d at 25 (alterations and citations omitted).  As alleged in the FAC, Shihab did not create the Photographs because Complex requested it.  Nor did Shihab transmit the Photographs to Complex so that Complex may copy and distribute the Photographs depicting Raekwon, Ghostface Killah and Drake.  Complex's observation that "social media platforms are intended for sharing content," and its allegation that Shihab shared his content on social media do not satisfy the Circuit's requirements for establishing an implied license.  (Complex Br. at 8 (citing Backgrid USA, Inc. v. Enttech Media Group LLC, CV 20-6803-RSWL-RAO, 2020 WL 6888724, at *1 n.1 (C.D. Cal. Aug. 21, 2020)).  Accordingly, the Court concludes that the allegations of the FAC do not establish the existence of a license—explicit or implied—for Complex to have engaged in the challenged copying.

The motion to dismiss will be denied as to Shihab's copyright infringement claim.

---

[3] Relatedly, Complex also does not argue that Instagram or Twitter granted a sublicense to Complex regarding Shihab's publicly posted content pursuant to their respective terms of use.  See McGucken v. Newsweek LLC, 19 Civ. 9617 (KPF), 2022 WL 836786, at * (S.D.N.Y. Mar. 21, 2022) (discussing Instagram's terms of use, pursuant to which Instagram could choose to grant users a "sublicense to embed [plaintiff's] public Instagram content").

B.    Vicarious or Contributory Copyright Infringement

The Court concludes that Shihab has failed to plausibly plead a claim for

vicarious or contributory copyright infringement.  "A person 'infringes contributorily by

intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting

from direct infringement while declining to exercise a right to stop or limit it."  Spinelli v. Nat'l

Football League, 903 F.3d 185, 197 (2d Cir. 2018) (quoting Metro-Goldwyn-Mayer Studios Inc.

v. Grokster, Ltd., 545 U.S. 913, 930 (2005)).  The FAC does not plead whose direct

infringement—apart from Complex's own alleged infringement—that Complex either

intentionally induced or encouraged (as required for contributory infringement) or profited from

while declining to exercise a right to stop or limit the infringement (as required for vicarious

infringement).  The FAC appears to conclusorily rely on the existence of multiple unidentified

defendants in addition to Complex, but as noted earlier, Shihab has failed to timely identify or

serve a Doe defendant under Rule 4(m), Fed. R. Civ. P.

Because Shihab has failed to plausibly allege a copyright infringement for which

Complex may be held vicariously or contributorily liable, the claim cannot stand and the motion

to dismiss will be granted as to the claim for vicarious or contributory copyright infringement

against Complex.

C.    DMCA Violation

The Court concludes that Shihab has plausibly pleaded a claim for a DMCA

violation.

i.    Applicable Law

Generally, section 1202 of the DMCA "protects the integrity of copyright

management information and prohibits the removal of CMI from copyrighted works."  Fischer v.

Forrest, 968 F.3d 217, 222 (2d Cir. 2020) (alterations and internal quotation marks omitted)

(quoting 17 U.S.C. § 1202(a)-(c)).  The DMCA describes "CMI as information such as the

author, title, and other identifying data about the copyright holder of the work."  Id. at 223.

More specifically, the DMCA defines CMI as "any of the following information conveyed in

connection with copies . . . of a work . . . or displays of a work," including "(2) The name of, and

other identifying information about, the author of a work."  Id. (alterations in original) (quoting

17 U.S.C. § 1202(c)).

          To establish a violation of section 1202, a plaintiff must prove: "(1) the existence

of CMI in connection with a copyrighted work; and (2) that a defendant distributed works or

copies of works; (3) while knowing that CMI has been removed or altered without authority of

the copyright owner or the law; and (4) while knowing or having reasonable grounds to know

that such distribution will induce, enable, facilitate or conceal an infringement."  Mango v.

BuzzFeed, Inc., 970 F.3d 167, 171 (2d Cir. 2020 (alterations and internal quotation marks

omitted) (quoting 17 U.S.C. § 1202(b)).

          The Second Circuit has described the third and fourth requirements of a section

1202(b)(3) claim as the "double-scienter" requirement.  Id.  In satisfying the second prong of the

double-scienter requirement, "an infringement" is not limited to the infringing acts of third

parties.  "The plain meaning of the statutory language also encompasses an infringement

committed by the defendant himself."  Id. at 172.  "In other words, a defendant's awareness that

distributing copyrighted material without proper attribution of CMI will conceal *his own*

infringing conduct satisfies the DMCA's second scienter requirement."  Id. (emphasis in

original).  As to the timing of actionable misconduct, "'an infringement' is not limited to future

infringing conduct."  Id.  Putting the two principles together, the Second Circuit has "reject[ed]

the argument that a defendant must know or have reason to know about likely future infringement by third parties.  Instead, [s]ection 1202(b)(3) also encompasses 'an infringement' that, upon distribution, 'will . . . conceal' the fact of *that* infringement."  Id. (emphasis in original).

        ii.    <u>Application</u>

As to the first requirement, based on the images contained within the FAC, the Court concludes that based upon a review of the FAC, CMI—specifically, the watermark "JAMIL GS ©"—existed as to all five Photographs at issue in this case.  As to the second requirement, the Complaint plausibly alleges that Complex distributed copies of the Photographs via the Accused Posts published on Complex's social media profiles.  As to the third requirement and the first double-scienter prong, the Court concludes that the FAC adequately alleges that Complex knew that the CMI had been removed or altered without the authority of Shihab or the law—as it allegedly removed the CMI itself without authorization from Shihab.

As to the fourth requirement and the second double-scienter prong, the Court concludes that Shihab has plausibly alleged that Complex knew or had reasonable grounds to know that its removal of the CMI from the Photographs would induce, enable, facilitate or conceal an infringement—specifically, its own alleged infringement of Shihab's copyrights to the Photographs.  Complex's Accused Posts fall under two categories.  First, there are Accused Posts in which Complex tagged Shihab's social media profile, such as the Accused Posts depicting Raekwon and Ghostface Killah and the Accused Posts depicting Drake next to a wine glass.  Second, there are Accused Posts in which the FAC alleges that Complex completely omitted any mention of Shihab, such as the Accused Posts depicting Drake on a golf course.  As

noted, all the Accused Posts contained versions of the Photographs without the "JAMIL GS ©" watermark, which had allegedly been removed without Shihab's authorization.

The allegations concerning both categories of the Accused Posts satisfy the second double-scienter prong because they allege that the Accused Posts facilitated Complex's contemporaneous infringement of Shihab's copyrights to the Photographs.  Although Complex tagged Shihab's social media profile in the first category of the Accused Posts, implying and perhaps even highlighting that Shihab took the respective Photographs, concealment is not the only method for satisfying the second scienter prong under section 1202—the statute explicitly provides that scienter can be satisfied where the defendant "distribute[s] . . . copies of works . . . knowing, or . . . having reasonable grounds to know that it will . . . *facilitate* . . . an infringement." 17 U.S.C. § 1202(b)(3) (emphasis added).  And as noted, under Circuit precedent, "an infringement" for scienter purposes includes the defendant's own alleged infringement.  See Mango, 970 F.3d at 174.  As alleged here, having first removed CMI from the Photographs without Shihab's authorization, Complex proceeded to distribute the CMI-removed Photographs via the unauthorized Accused Posts, thus facilitating its own alleged copyright infringement of Shihab's rights to the Photographs.

The Court also notes that the allegations concerning the second category of Accused Posts omitting all references to Shihab easily satisfy the second double-scienter prong for concealment of a copyright infringement.  As alleged in the FAC, a third party would be unaware that the copyrights to the photographs copied in the Accused Posts belonged to Shihab and that Complex posted them without Shihab's authorization—therefore, in so distributing the Accused Posts, Complex knew or should have known that the manner of its distribution would conceal its contemporaneous copyright infringement.

Furthermore, for both categories of Accused Posts, it is reasonable to infer that Complex, a digital music and culture news publication as alleged in the FAC, knew or should have known that removing the "JAMIL GS ©" watermark from the Photographs would also "enable" future infringement by third parties.  It is reasonable to infer at the pleading stage that Complex knew that its unauthorized removal of the "JAMIL GS ©" watermarks from the Photographs would enable a third party to also copy and distribute the Photographs without Shihab's authorization, just as Complex did.  This hypothetical infringement would be simpler and easier to commit than Complex's alleged infringement because Complex would have already taken care of the editing work required to remove Shihab's watermarks from the Photographs.

These three conclusions are also consistent with the Second Circuit's description of section 1202 of the DMCA—that section 1202 seeks to "ensure the integrity of the electronic marketplace" by not only "prohibit[ing] intentionally providing false copyright management information," but "also prohibit[ing] the deliberate deleting or altering [of] copyright management information."  Fischer, 968 F.3d at 222 (first and third alterations in original).

Accordingly, the Court concludes that Shihab has plausibly pleaded his DMCA violation claim.  The motion to dismiss will be denied as to the DMCA violation claim.

D.      Shihab's Claim to Statutory Damages, Attorney's Fees and Costs

i.      Applicable Law

Except for a few exceptions inapplicable here, "[i]n any action under [Title 17 of the United States Code] . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505 shall be made for . . . any infringement copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  See also

Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007) ("Under 17 U.S.C. § 412, a plaintiff may not recover statutory damages or attorney's fees for any infringement 'commenced' before the effective date of a copyright's registration.").

Section 504 provides for "statutory damages for all infringements involved in a given action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Section 504 also provides that "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).  Where the infringer "sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."  Id.  Section 505 provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

Section 1203 provides that in an action brought under section 1202 of the DMCA, a court "in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof" and "in its discretion may award reasonable attorney's fees to the prevailing party[.]" 17 U.S.C. § 1203(b)(4)-(5).  Section 1203 also provides for statutory damages for "each violation of section 1202 in the sum of not less than $2,500 or more than $25,000," which may be tripled for repeated violations.  17 U.S.C. § 1203(c)(3)(B)-(4).  The statute also sets out conditions under which a court may or must reduce or remit the total award

15

of damages, such as when the violator was not aware and had no reason to believe that its acts constituted a violation.  17 U.S.C. § 1203(c)(5).

    ii.    <u>Application</u>

Complex argues that if the Court does not dismiss the instant action, the Court should at least dismiss Shihab's claim for statutory damages, attorney's fees and costs, as Shihab did not register his copyrights to the Photographs until October 8, 2020—after the Accused Posts.  (Complex Br. at 6 (citing Doc 26-2 and 26-3), 16.).  In support, Complex contends that, because "the section 412 bar applies to all copyright claims, including those under sections 505 and 1202," Shihab's delayed registration of his copyrights bars his claim for statutory damages, attorney's fees and costs as to all his claims, including the DMCA violation claim.  (<u>Id.</u> at 17.)

Significantly, "Shihab agrees with Complex that Shihab is not entitled to seek statutory damages, costs, and [attorney's] fees under Section 504 or 505 for infringing acts that occurred before the date of Shihab's registrations for the imagery at issue."  (Shihab Br. at 7.)  But Shihab argues that dismissal of his claims for statutory damages, attorney's fees, and costs would be premature at this stage in case "discovery reveals that Complex again published Shihab's work after the date of the registrations, [which] may give rise to liability for statutory and attorney's fees under Section 504 and 505."  (<u>Id.</u>)  Shihab also argues that he is entitled to statutory damages, attorney's fees and costs for the alleged section 1202 DMCA violation under section 1203, which does not condition an award of fees, attorney's fees and costs upon the date of copyright registration.  (<u>Id.</u> at 8.)

The Court will dismiss Shihab's claims for statutory damages, attorney's fees and costs as to his claim for copyright infringement.  At the pleadings stage, the Court accepts all factual allegations in the FAC and draws all reasonable inferences in favor of Shihab.  But as

alleged, the FAC does not contain any factual allegations of post-registration infringements that would entitle Shihab to statutory damages, attorney's fees or costs under sections 504 and 505. Accordingly, the Court concludes that Shihab has failed to plausibly plead his claim to such relief as to the claim for copyright infringement.  In so concluding, the Court need not, and does not decide the "continuing infringement" issue discussed by the parties in their briefing.  In any case, as noted, the FAC is devoid of factual allegations that could establish "successive infringements [that] are so similar that those infringements should be treated as one continuing infringement."  MCA, Inc. v. Wilson, 677 F.2d 180, 187 (2d Cir. 1981).  See also Troll Co., 483 F.3d at 158 (discussing the "continuing infringement doctrine").

As to whether Shihab has plausibly pleaded a claim for statutory damages, attorney's fees and costs under 17 U.S.C. § 1203, adjudication of this issue requires statutory interpretation, specifically of section 412, which reads as follows:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.  If the statute is read to preclude an award of statutory damages, attorney's fees and costs[4] to any action under Title 17 of the United States Code, this would also bar such an award provided for in section 1203 for a successful section 1202 claim.  If, however, the statute is read to only preclude the award of statutory damages, attorney's fees and costs specifically

---

[4] While section 412 only discusses "attorneys' fees," section 505, referenced by section 412, provides for "a reasonable attorney's fee to the prevailing party *as part of the costs*," 17 U.S.C. § 505 (emphasis added), and "[a]lmost every district court in this circuit that has considered the scope of 17 U.S.C. § 412 has held that it renders 'statutory damages and attorney's fees and costs . . . unavailable.'"  Homkow v. Musika Records, Inc., No. 04 Civ. 3587(KMW)(THK), 2008 WL 508597, at *5 n.1 (S.D.N.Y. Feb. 26, 2008) (collecting cases).

provided for in section 504 and 505, section 412 would not preclude such relief for a successful section 1202 claim, which is provided for in section 1203, not in sections 504 and 505.

In interpreting statutes, "a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." Food Mktg. Inst. v. Argus Leader Media, 139 S. Ct. 2356, 2364 (2019); accord Dobrova v. Holder, 607 F.3d 297, 301 (2d Cir. 2010) ("Statutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there.") (quotation marks and brackets omitted).  "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  Russello v. United States, 464 U.S. 16, 23 (1983) (quotation marks and brackets omitted).

First, the plain meaning of the statutory text advises against using section 412 to deny an award of statutory damages, attorney's fees and costs as provided by section 1203 because section 412 purports to preclude such an award "*as provided by sections 504 and 505*." 17 U.S.C. § 412 (emphasis added).  Accordingly, even if the statute were to apply to "any action under [Title 17]," including a section 1202 claim, such an application would only preclude the award of statutory damages, attorney's fees and costs "as laid out in sections 504 and 505" providing "[r]emedies for infringement," not section 1203 remedies for a DMCA violation for CMI removal under section 1202.  17 U.S.C. §§ 504-505, 1202-1203.

Second, Congress explicitly provided different amounts and structures for statutory damages under section 504 and section 1203.  Section 504 provides for statutory damages ranging from $750 to $30,000 per infringing work, rising to $150,000 for willful infringement, and gives the court discretion to reduce statutory damages to an amount not less

than $200 should the infringer sustain the burden of proving, and the court find, that such infringer was not aware and had no reason to believe that its acts constituted copyright infringement. 17 U.S.C. § 504. Section 504 also requires the court to remit statutory damages on fair use grounds for certain types of entities. Id. In contrast, section 1203 provides for statutory damages ranging from $2,500 to $25,000 per violation, with the potential for triple damages should the injured party sustain the burden of proving, and the court find, that the defendant has violated section 1201 or section 1202 within three years after a final judgment was entered against the defendant for another such violation. 17 U.S.C. § 1203(c)(3)(B)-(4). Section 1203 also gives a court discretion to "reduce or remit the total award of damages in any case in which the violator sustains the burden of proving, and the court finds, that the violator was not aware and had no reason to believe that its acts constitute a violation," although a court must remit statutory damages for "innocent violations" by the same category of entities laid out in section 504. Id. While there are similar and analogous provisions between sections 504 and 1203, the two sections not only provide for significantly different damages amounts and calculation methods, but also differ in that section 1203 enables harsher penalties against recent and repeat DMCA violators, while section 504 lacks an analogous provision for recent and repeat copyright infringers.

Third, the nature of a section 1202 DMCA violation would make it contradictory to apply the section 412 preclusion rule, which is based on the timing of an existing infringement—an "infringement of copyright *commenced*." 17 U.S.C. § 412 (emphasis added). As noted, a DMCA violation can occur due to a CMI removal that "*will* induce, enable, facilitate, or conceal an infringement," 17 U.S.C. § 1202(b)(3) (emphasis added), including but not limited to *future* copyright infringements. See Mango, 970 F.3d at 171 ("'[A]n infringement' is not

limited to future infringing conduct.").  In other words, a DMCA violation can be based on an infringement that has yet to happen, while section 412 precludes statutory damages, attorney's fees and costs for a copyright infringement that has "commenced" after the first publication of the work and before the effective date of copyright registration for the work.

Accordingly, based on the ordinary meaning of section 412, and the structure of sections 412, 504, 505, 1202 and 1203 of Title 17 of the United States Code, the Court concludes that section 412 does not preclude Shihab's claim for an award of statutory damages, attorney's fees and costs under section 1203 for his DMCA violation claim.  The motion to dismiss will be denied as to Shihab's claim for an award of statutory damages, attorney's fees and costs for this DMCA violation claim.

E.       Complex's Rule 12(d) Motion

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Rule 12(d), Fed. R. Civ. P.  A pleading "is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."  Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).  In adjudicating the instant Rule 12(b)(6) motion, the Court is unaware of matters outside the pleadings as defined above that were presented to and not excluded by the Court.  Accordingly, the Court will decline to treat the Rule 12(b)(6) motion as a Rule 56 motion pursuant to the discretion afforded by Rule 12(d).

F.     <u>Complex's Motion for Attorney's Fees and Costs</u>

Under 17 U.S.C. § 505, a district court "in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Complex requests attorney's fees and costs should "this Court grant[ ] this motion" to dismiss.  As noted, the Court will not grant dismissal of this action because the Court concludes that Shihab has plausibly pleaded his claims for copyright infringement and DMCA violation.  Accordingly, the Court will deny Complex's request for attorney's fees and costs.

CONCLUSION

The Court has considered all the arguments of the parties, whether or not expressly referenced herein.  Complex's motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is GRANTED in part and DENIED in part.  The Court declines to convert the Rule 12(b)(6) motion to a motion for summary judgment pursuant to the discretion afforded by Rule 12(d), Fed. R. Civ. P., and thus, the alternative relief sought by Complex is DENIED.  Complex's request for attorney's fees and costs under 17 U.S.C. § 505 is DENIED.

The Clerk is respectfully directed to terminate the motion (Doc 24).


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated:  New York, New York
        August 17, 2022

21